## Otto R. Brenner, Ltd., *v.* Loeb-Nunez Tobacco Company, Appellant.

*Practice, Supreme Court—Assignments of error.*

1. Assignments of error not in accordance with the rules of the court are not to be considered.

*Contract—Sale—Sample — Expert evidence — Measure of damages—Option.*

2. Where an article is sold by sample, an expert may properly testify to the market value of the sample, without showing that he knew its age.

3. If the sample shown at the time of the making of a contract was of an article in perfect condition, the market value of such an article in perfect condition may be shown by expert evidence in order to measure the damages for a breach of the contract.

4. In such case the difference between the contract price and the market price of an article, of the quality shown by the sample, is the measure of damages for a failure to deliver.

5. A seller cannot escape liability by a partial performance of his contract, with notice, at the time of such partial performance, that he will not fully comply therewith.

6. Where a contract provides that an article is to be delivered with an "option of seven more ten days after arrival" the option is the vendee's and not the vendor's, and the latter cannot

refuse to deliver the additional articles because at the time he delivered the first one he gave notice that he would not deliver any more.

Argued Jan. 9, 1919. Appeal, No. 26, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1917, No. 1553, on verdict for plaintiff in case of Otto R. Brenner, Limited, v. Loeb-Nunez Tobacco Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit to recover damages for breach of contracts for failure to deliver tobacco. Before BARRATT, P. J.

Verdict and judgment for plaintiff for $2,866.70. Defendant appealed.

*Errors assigned* were as follows:

(1) That the learned trial judge erred in allowing evidence to be given as to the value of tobacco on April 11, 1917, as follows (Appendix, page 52a):

"Mr. Krauss: Can you tell me, or the court and jury, what was the fair market value of triple A Java, first lengths, on or about April 11, 1917?

"Mr. Sessler: I object to that unless the question is modified to include the character, kind and quality of the tobacco that the defendant was to sell to the plaintiff."

(2) The learned trial judge erred in allowing evidence to be given as to the value of tobacco on April 11, 1917, as follows (Appendix, page 53a):

"Mr. Krauss: Now take L. B. Langkott L1 Sumatra. That is a well-known tobacco, is it not?

"A. It is a well-known brand.

"Q. What was the fair market value of that tobacco on or about April 11, 1917?

"(Objected to by counsel for defendant.)

"Objection overruled; exception to defendant.)"

(3) That the learned trial judge erred in refusing to charge the jury as requested by the defendant under point 2, as follows (Appendix, page 121a) :

"2. That the fact that the defendant, in its letter of April 11, 1917, offered to deliver the ten (10) bales of Java tobacco to the plaintiff upon receiving satisfactory settlement from the plaintiff for the same, is conclusive proof that the plaintiff could not have suffered any damage by reason of the defendant's failure to deliver said tobacco, as the plaintiff could have obtained same from the defendant at the prices contracted for."

(4) That the learned trial judge erred in refusing to charge the jury as requested by the defendant under point 3 as follows (Appendix, page 121a) :

"3. That the action of the plaintiff in accepting and retaining the one (1) bale of Sumatra tobacco from the defendant with knowledge that the defendant could not deliver an option on seven (7) more bales, prevents the plaintiff from making any claim on the seven (7) bales, and the plaintiff's letter of March 17, 1917, acknowledging the receipt of the one (1) bale and exercising its option on the seven (7) bales, is not binding on the defendant."

(5) That the learned trial judge erred in refusing to charge the jury as requested by the defendant, under point 6 as follows (Appendix, page 122a) :

"6. That under all the evidence in the case, the verdict of the jury must be for the defendant."

(6) That the verdict was against the evidence.

(7) That the verdict was against the weight of the evidence.

(8) That the verdict was against the law.

*Irwin L. Sessler,* for appellant.

*Sidney L. Krauss,* with him *W. Horace Hepburn* and *William A. Carr,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1919:

We might well affirm the judgment in this case on the ground that all the assignments of error violate the rules of this court. The first has no exception to support it, and both it and the second violate rule 28, in that defendants do not print in the assignment the evidence admitted; the next three violate rule 27, in that they do not quote the answers to the points referred to; and the last three are not assignments of error at all, but only the general reasons usually specified on a motion for a new trial,—that the verdict is against the evidence, the weight of the evidence, and the law. The judgment, however, must be affirmed on the merits.

Two different contracts are involved in the litigation. By the first defendant agreed in writing to sell and deliver to plaintiff ten bales of "Java A.A.A.1" tobacco, according to a sample exhibited to plaintiff at the time the contract was made. As to this contract defendant says in its paper book: "There can be no dispute as to the fact that there was a breach of contract due to the defendant's failure to deliver this tobacco, and there is no dispute between the parties or counsel as to the law regarding the measure of damages." It claims, however, that the sample was of tobacco that was six or eight years old, that such tobacco deteriorates with age, and that there was no evidence as to the market value of tobacco of that age. On the other hand, plaintiff's witnesses,—including defendant's salesman who sold the tobacco to plaintiff,—testified that the sample exhibited to plaintiff was of tobacco in perfect condition, and stated its market value in that condition. It follows, of course, that if the jury believed the evidence of plaintiff, and the verdict establishes that they did, he was entitled to recover, as in fact he did, the difference between the market price of that kind of tobacco in perfect condition and the contract price at which defendant agreed to deliver it.

The second contract was in writing also, and by it defendant sold to plaintiff one bale of Sumatra tobacco, with an "option of seven more ten days after arrival." The option was plaintiff's and not defendant's, and was unconditional, except that it had to be exercised within ten days after the arrival of the first bale.   When the latter was received defendant was at once notified that plaintiff exercised his option to receive the seven additional bales.   Defendant refused to deliver them, alleging as an excuse that when it sent the one bale it notified plaintiff "we have no more of this lot," and that plaintiff accepted the one bale with full knowledge of that fact.   If we were to give to that notice the effect defendant claims for it, that no more bales would be delivered, he would not be helped thereby.   A seller cannot escape liability by partial performance of his contract, with notice that he will not fully perform.   To so hold would mean nothing less than that notice of an intended breach would excuse the breach; and that acceptance of part performance would be a waiver of full performance.   Happily, the law countenances no such inequitable contention.

The judgment of the court below is affirmed.